COMMONWEALTH *vs.* MARY MEAD.

If unauthorized sales of intoxicating liquor are proved to have been made by a child under the age of fourteen years, in the presence of its mother and in obedience to her directions, it is necessary, in support of an indictment against the child for making such sales, to establish, as a distinct fact, its legal capacity to commit a crime.

INDICTMENT for being a common seller of intoxicating liquors. At the trial in the superior court, before *Brigham*, J., the Commonwealth proved several sales made by the defendant within the time named in the indictment, and offered no other evidence. It was proved on the part of the defendant that she was a daughter of Eliza Mead, and at the time of said sales was under twelve years of age, living with her parents, and that the sales were made by her in the dwelling-house of her parents, and under and by direction of her mother, to whom the liquors belonged. The defendant also put in evidence a license granted to her mother to sell liquors, under the internal revenue acts of the United States.

The defendant requested the court to instruct the jury that if she, at the time of making the sales, was under twelve years of age, and if the sales were made under the general direction of the mother, in the dwelling-house of the parents of the defendant, then she could not be convicted under this indictment The judge declined so to rule, and instructed the jury that the

license was no defence. if the sales were made in violation of the statutes of Massachusetts ; and that if the defendant did, in the dwelling-house of her parents, and while she lived with them, and by direction of her mother, and while under twelve years of age, make three or more separate sales of her mother's intoxi- cating liquors within the time alleged in the indictment, they should find her guilty.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*A. J. Waterman*, for the defendant.

*J. C. Davis*, for the Commonwealth.

BIGELOW, C. J. The question of the legal competency of the defendant to commit the offence charged in the indictment was distinctly raised in the present case by the fact proved at the trial, that she was under twelve years of age. The rule of the common law is perfectly well settled, that a child between the ages of seven and fourteen is not presumed to be *doli capax*, and the question whether, in committing an offence, such child in fact acted with intelligence and capacity, and an understanding of the unlawful character of the act charged, is to be determined by the jury upon the evidence, and in view of all the circumstances attending the alleged criminal transaction. 1 Hale P. C. 22–27. 1 Archb. Crim. Pr. 10. 1 Russ. on Crimes, (7th Amer. ed.) 4. *Rex* v. *Owen*, 4 C. & P. 236. This rule is uniformly applied in cases where children under fourteen and above seven years of age are charged with murder or other felonies. *A fortiori*, it is applicable where they are accused of lesser offences, or with the commission of acts coming within the class of *mala prohibita*. These do not so violently shock the natural moral sense or instinct of children, and would not be so readily recognized and understood by them to be wrong, or a violation of duty, as the higher crimes of murder, arson, larceny, and the like.

Although the attention of the judge at the trial was drawn to the fact that the defendant was of tender years, so that no presumption of legal capacity to commit crime existed, he wholly omitted to give any instructions from which the jury could be

led to infer that it was their duty to find that the defendant knew the unlawful character of the act with which she was charged, before they could render a verdict of guilty against her. For aught that we can see, the verdict was rendered without any consideration of the legal competency of the defendant to commit the offence alleged in the indictment. The case was one which seems to us to 'have required an explicit instruction on this point. It is true that it was not necessary to show actual knowledge by the defendant of the unlawfulness of the act, if sufficient legal capacity to commit crime was otherwise proved. If capacity is established, knowledge may be presumed. Nor is it necessary to offer direct evidence of capacity. It may be inferred from the circumstances under which the offence was committed. But nevertheless it is to be established as a distinct fact. We are unable to see anything in the facts set out in the exceptions which tend to prove that the defendant was cognizant of the illegal character of the act which she committed. She seems to have made the illegal sale in the presence of and in obedience to the express command of her mother. This fact of itself had some tendency to show that the child did not understand that the act which she was told by her parent to commit was wrong, and, in connection with the request for instructions which was made by the defendant's counsel, required the judge to give full and explicit instructions on the subject of legal competency to commit crime. The omission of such instructions was an error, which, in our judgment, renders it necessary that there should be a new trial of the case.

*Exceptions sustained.**

* At the same term, a like decision was made in the case of COMMONWEALTH *vs.* JOHN MEAD, who was a son of Eliza Mead, and under fourteen years of age, and who made sales of intoxicating liquors under circumstances similar to those mentioned in the above case, and who was found guilty of being a common seller under similar instructions to the jury.